UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-4863 PA (JPRx) | Date | June 5, 2025 |
|---|---|---|---|
| Title | Key West Police Officers and Firefighters Retirement Plan v. Greenberg, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  **IN CHAMBERS — COURT ORDER**

Before the Court is an Ex Parte Application for an Order to Shorten Time on the Motion for Preliminary Injunction, filed by plaintiff Key West Police Officers and Firefighters Retirement Plan ("Plaintiff"). (Docket No. 12 ("Ex Parte Application").) Plaintiff seeks to have its Motion for Preliminary Injunction (Docket No. 11) heard on an expedited basis. Defendants Sketchers U.S.A., Inc. ("Sketchers"), Robert Greenberg, and Michael Greenberg (collectively "Defendants") have filed an opposition to the Ex Parte Application. (Docket No. 15.)

This is a federal securities law action arising out of a going-private merger between Sketchers and private equity firm 3G Capital, along with certain of its affiliates (collectively "3G") (the "Merger"). Plaintiff is a stockholder of Sketchers. (See Compl. ¶¶ 1, 9.) According to the Complaint, on May 4, 2025, Sketchers executed a Merger Agreement with 3G whereby 3G will acquire Sketchers for $9.4 billion. (Id. ¶¶ 2, 19.) The Merger Agreement provides Sketchers stockholders with two consideration options: (i) a full cash consideration option of $63 per share in cash, or (ii) a mixed consideration option of $57 per share in cash plus one unit of the new LLC (an "LLC Unit") that will own the privately-held Sketchers. (See id. ¶¶ 2, 20.) The Merger Agreement provides that Sketchers stockholders must elect a consideration option (the "Consideration Election") "five Business Days preceding the anticipated closing date" of the Merger (the "Consideration Election Deadline"), and that any share that does not make a Consideration Election will be automatically paid the full cash consideration option. (See id. ¶¶ 3, 20.)

Plaintiff asserts that the Merger is subject to Section 13(e) of the Securities Exchange Act, 15 U.S.C. § 78m(e), and Rule 13e-3, 17 C.F.R. § 240.13e-e, and that pursuant to Section 13(e) and Rule 13e-3, Defendants are required to file with the SEC and disseminate to Sketchers stockholders a valid Schedule 13E-3 containing the information specified in Rule 13e-3. (See id. ¶ 4.) However, Defendants have neither made, nor represented that the intend to make,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-4863 PA (JPRx) | Date | June 5, 2025 |
|---|---|---|---|
| Title | Key West Police Officers and Firefighters Retirement Plan v. Greenberg, et al. | | |

Schedule 13E-3 disclosures in connection with the Merger. (See id. ¶ 25.) Plaintiff alleges that absent a valid Schedule 13E-3 disclosure, Plaintiff and other Sketchers stockholders will be forced to make their Consideration Election without access to full and accurate information concerning the Merger. (See id. ¶ 26.) Based on these allegations, the Complaint asserts a claim for violation of Section 13(e) and Rule 13e-3. (See id. ¶¶ 27–32.) Plaintiff's Motion for Preliminary Injunction seeks to enjoin the Consideration Election Deadline and the closing of the Merger until Defendants file with the SEC and disseminate to Sketchers stockholders a valid Schedule 13E-3. (See Docket No. 11.)

Plaintiff initiated this action on May 29, 2025. The case was assigned to this Court on June 2, 2025. Plaintiff then filed the Motion for Preliminary Injunction on June 3, 2025. The Motion for Preliminary Injunction is noticed for hearing on June 30, 2025. However, Plaintiff's Motion for Preliminary Injunction was not filed in compliance with Local Rule 6-1, which requires that a notice of motion "shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing[.]" On the same date it filed the Motion for Preliminary Injunction, Plaintiff filed its Ex Parte Application, which requests that the hearing on its Motion for Preliminary Injunction be set on or before June 30, 2025.

The party filing an ex parte application must support the ex parte application with evidence that "must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief." Id. In other words, "[an ex parte application] must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." Id. (emphasis added).

Plaintiff argues in its Ex Parte Application that it will be "irreparably harmed if forced to make a Consideration Election without the benefit of the information a valid schedule 13E-3 provides," and that a hearing on the Motion for Preliminary Injunction must take place "before the expiration of the Consideration Election Deadline and the closing of the Merger, both of which could occur a few weeks from the present." (Ex Parte App. at pg. 1.) In their Opposition to the Ex Parte Application, Defendants argue that Plaintiff has not shown irreparable prejudice from proceeding on a normal motion schedule because there is "no looming deadline on the stockholder election." (Opp'n at pg. 5.) Rather, Defendants explain that the entity formed by 3G in connection with the Merger intends to file a Form S-4 (which will contain Sketchers' Schedule 14C Information Statement) with the SEC. This filing will be subject to the SEC's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-4863 PA (JPRx) | Date | June 5, 2025 |
|---|---|---|---|
| Title | Key West Police Officers and Firefighters Retirement Plan v. Greenberg, et al. | | |

review and comments, which Defendants note could include the SEC's analysis as to whether a Schedule 13E-3 is required. Once the SEC declares the Form S-4 effective, stockholders will be mailed the Information Statement, and stockholders will then have the opportunity to make their Consideration Election. (See id. at pgs. 3–4; see also Compl. ¶ 21 ("Sketchers announced that the parties to the Merger will file a registration statement on a Form S-4 that will contain the Company's preliminary information statement and preliminary prospectus. Once the information statement becomes effective, Sketchers expects to mail a definitive information statement to its stockholders." (footnotes omitted)).) According to Defendants, to date, the Form S-4 has not even been filed, let alone declared effective by the SEC, and thus no Information Statement has been mailed to stockholders and no Consideration Election Deadline has been set. (See Opp'n at pg. 4.) Defendants also argue that any claimed emergency on Plaintiff's part is due to Plaintiff's own delay in initiating this action and filing the Motion for Preliminary Injunction.[1]

      The Court finds that Plaintiff has not satisfied the requirements for ex parte relief. First, Plaintiff has not offered sufficient evidence to show that it would be irreparably prejudiced if its Motion for Preliminary Injunction were to be heard according to regularly noticed motion procedures. In particular, while Plaintiff argues that it will suffer irreparable harm if forced to make its Consideration Election without first receiving a Schedule 13E-3, Plaintiff offers no clear estimate as to when the Consideration Election Deadline will occur. At most, Plaintiff speculates that the Consideration Election Deadline "could occur" in the coming weeks. This does not suffice to show an imminent deadline. Moreover, Plaintiff's speculation is undercut by Defendants' representations as to the steps that remain to be completed before the Consideration Election Deadline can be set.

      Second, because Plaintiff waited over three weeks after the Merger was announced to commence this action, and another five days to file the Motion for Preliminary Injunction, Plaintiff has failed to establish that it is without fault in creating the claimed crisis requiring ex parte relief. The Court observes that had Plaintiff simply filed its Motion for Preliminary Injunction just one day earlier, the noticed hearing date of June 30, 2025 would have been proper. By seeking to shorten time now, Plaintiff is attempting to go to the head of the line in

---

[1] In addition, Defendants argue that Plaintiff's Motion for Preliminary Injunction should not receive special treatment because it will fail on the merits. (See id. at pgs. 7–8.) Because an evaluation of the merits of the Motion for Preliminary Injunction is not necessary to decide Plaintiff's Ex Parte Application, the Court does not reach this argument.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-4863 PA (JPRx) | Date | June 5, 2025 |
|---|---|---|---|
| Title | Key West Police Officers and Firefighters Retirement Plan v. Greenberg, et al. | | |

front of other litigants and to be relieved of the consequences of its own delay and failure to comply with the Local Rules.

For all of the foregoing reasons, the Court concludes that Plaintiff has not established good cause to shorten time for the hearing on its Motion for Preliminary Injunction  The Court therefore denies the Ex Parte Application.  Additionally, the Court strikes Plaintiff's Motion for Preliminary Injunction without prejudice for failing to comply with Local Rule 6-1.

Although Local Rule 7-3 ordinarily exempts applications and motions for injunctive relief from the conference of counsel requirements, the Court orders the parties in this action to contact opposing counsel to discuss thoroughly the substance of all contemplated applications and motions and any potential resolution.  The Court will not consider any future applications or motions, whether for injunctive relief or otherwise, if the parties have not first engaged in such a conference, or established good cause for their inability to do so.

IT IS SO ORDERED.